# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREA CASULA, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> ATHENAHEALTH, INC., JONATHAN BUSH, and CARL B. BYERS, <br><br> Defendants. | Civil Action No. 1:10-cv-10477-GAO |

## MEMORANUM OF LAW IN SUPPORT OF CINDY KATZOFF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HER SELECTION OF COUNSEL FOR THE CLASS

Cindy Katzoff ("Katzoff" or "Plaintiff"), respectfully submits this memorandum in support of her motion to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Act of 1995 (the "PSLRA"), and for approval of her selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and the law firm of Berman DeValerio as Liaison Counsel for the Class.

## FACTUAL BACKGROUND

athenahealth engages in the provision of Internet-based business services for physician practices in the United States. The company offers a revenue cycle management service that automates and manages billing-related functions for physician practices. The Company assists physician clients with the handing of claims and billing processes to help submit claims. It also automates and manages medical record management-related functions for physician practices that include an electronic medical record (EMR) platform. It further assists physician practices and medical groups with the handling of physician orders and related communications to ensure that orders are carried out and to provide online patient clinical records. Finally, it offers automated messaging services that remind patients of appointment details and allows them to use the automated system to confirm or reschedule an appointment.

On February 25, 2010, after the market closed, athenahealth announced that its previous financial statements could no longer be relied upon and that it would likely restate its prior financial statements based on its methodology for calculating implementation revenue, causing the stock to drop almost 13%, falling from a close of $43.52 on February 25, 2010 to a close of $37.96 on February 26, 2010.

On March 15, 2010, the Company issued a press release after the market closed, announcing that it needed to amortize its service implementation revenue over a period of 12 years, which reflects the amount of time it expects to do business with a new customer, rather than its previous method of amortizing implementation revenue over a single year.  As a result, the Company restated its financial results for fiscal years 2005 through 2008, as well as 2008 interim quarters and the first three quarters of 2009.

As such, during the period from October 29, 2009 through February 25, 2010 (the "Class Period"), defendants made statements that were materially false and/or misleading because they misrepresented reported revenues and earnings by recognizing implementation revenues over an improper period of only one year, as opposed to twelve years, thereby materially inflating revenue.

Plaintiff and the Class have suffered serious financial damages as a result of defendants' material misstatements and omissions during the Class Period.  While innocent investors were purchasing athenahealth securities throughout the Class Period, insiders profited more than $7.8 million in sales of the Company's securities, while they knowingly did not properly recognize revenue, materially overstating its revenue and net earnings for the last 5 years.

**ARGUMENT**

I. <u>**KATZOFF SHOULD BE APPOINTED LEAD PLAINTIFF**</u>

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of:  (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Katzoff satisfies all three of these criteria and is thus entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed as Lead Plaintiff in this action.

### A.    Katzoff Is Willing to Serve as Lead Plaintiff

On March 19, 2010, counsel in the above captioned action caused a notice ("Notice") to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and advised investors of athenahealth securities that they had until May 18, 2010 to file a motion to be appointed as Lead Plaintiff. *See* Notice attached as Exhibit A to the Declaration of Jeremy A. Lieberman ("Lieberman Decl.").

Katzoff has filed the instant motion pursuant to the Notice and has attached a Certification attesting to her willing to serve as a Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Katzoff satisfies the first requirement to serve as Lead Plaintiff.

### B.    Katzoff Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

Katzoff believes that she has the largest financial interest of any adequate and typical movant.  Katzoff purchased:  (i) 100 shares of athenahealth securities; (ii) expended $4,708 for her purchases of athenahealth securities; (iii) retained all of her athenahealth securities; and (iv) suffered a loss of more than $1,160.  *See* Lieberman Decl., Ex. C.  Based on these transactions, Katzoff should be appointed as Lead Plaintiff.  *State Univ. Ret. Sys. Of Ill. V. Sonus Networks, Inc.*, No. 06-CV-10040, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  Because Katzoff possesses the largest financial interest in the outcome of this litigation, she is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Katzoff Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; rather a *prima facie* showing that the Movant satisfy the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996); *Sonus Networks, Inc.*, 2006 WL 3827441, at *2. Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (recognizing that a plaintiff seeking appointment as lead plaintiff need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements).

Katzoff fulfills all of the requirements of Rule 23. A proposed lead plaintiff satisfies the typicality requirement when its claims and injuries "arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *In re Lernout & Hauspie Sec. Litig.* 138 F. Supp. 2d at 46 (citation omitted); *see also Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 264 (D. Mass. 2005) ("To summarize, the typicality analysis is a functional one addressed primarily to the question of whether the putative class representative can fairly and adequately pursue the interests of the absent class members without being sidetracked by her own particular concerns."); *Sonus Networks, Inc.* 2006 WL 3827441, at *2 (movant made *prima facie* showing of typicality where there was "no indication that the circumstances of its losses [were] markedly different than those of other class members or [were] based on a legal theory that is not generally applicable").

Katzoff also satisfies the adequacy requirement of Rule 23.  This requirement is satisfied if the movant has "common interests and an absence of conflict with the class members and [its] attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie,* 138 F. Supp. 2d at 46.  Katzoff readily meets the adequacy requirements.  Katzoff's interests are the same as those of other class members – *i.e.*, to hold the Defendants liable for their violations of the federal securities laws and to seek recovery of the damages caused to investors who purchased athenahealth securities at artificially inflated prices during the Class Period.  Further, there are no facts that indicate any conflicts of interest between Katzoff and other class members.

As such, Katzoff shares substantially similar questions of law and fact with the members of the Class and her claims are typical of the members of the class.  Katzoff and all members of the Class allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning athenahealth.  Katzoff, as did all of the members of the Class, purchased athenahealth securities during the Class Period at prices artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Katzoff and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Katzoff's motion to serve as Lead Plaintiff of the Class.

###### D. Katzoff Fairly and Adequately Represents the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Katzoff as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Katzoff's ability and desire to fairly and adequately represent the Class have been discussed above. Katzoff does not have any unique defenses that would render her inadequate to represent the Class. Accordingly, Katzoff should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with a Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Katzoff has selected the law firm of Pomerantz Haudek Grossman & Gross LLP as Lead Counsel and Berman DeValerio as Liaison Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Berman DeValerio is likewise a prominent firm representing plaintiffs in securities class action litigation and has similarly achieved substantial recoveries on behalf of investors, including the aggregate $180 million in settlements obtained in

*Lernout & Hauspie Sec. Litig.*, No. 00-cv-11589 (D. Mass.).  *See* Lieberman Decl., Ex. E.  As a result of their extensive experience in litigation involving issues similar to those raised in this action, Katzoff's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Katzoff selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

<u>**REQUEST FOR ORAL ARGUMENT**</u>

Katzoff hereby respectfully requests oral argument on the instant motion.

<u>**CONCLUSION**</u>

For the foregoing reasons, Katzoff respectfully requests the Court issue an Order (a) appointing Katzoff as Lead Plaintiff of the Class; (b) approving Pomerantz Haudek Grossman & Gross LLP as Lead Counsel and Berman DeValerio as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: May 18, 2010

Respectfully submitted,

**BERMAN DEVALERIO**

/s/ Jeffrey C. Block
Jeffrey C. Block (BBO #: 600747)
Jason M. Leviton, *Pro Hac Vice*
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermandevalerio.com

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone:      (212) 661-1100
Facsimile:      (212) 661-8665

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:      (312) 377-1181
Facsimile:      (312) 377-1184

*Attorneys for Cindy Katzoff*

<u>**CERTIFCATE OF SERVICE**</u>

       I hereby certify that these documents filed through the ECF System will be sent electronically to

the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be

sent to those indicated as non registered participants.

Dated:   May 18, 2010

                                            /s/ Jeffrey C. Block
                                            Jeffrey C. Block