**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREA CASULA, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> ATHENAHEALTH, INC., JONATHAN BUSH and CARL B. BYERS, <br><br> Defendants. | ) Civil Action No. 1:10-cv-10477-GAO <br> ) <br> ) <u>CLASS ACTION</u> <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WATERFORD TOWNSHIP GENERAL EMPLOYEES RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of athenahealth, Inc. securities ("athenahealth" or the "Company") between October 29, 2009 and February 25, 2010, inclusive (the "Class Period").  The Action charges athenahealth and certain of its senior managers (collectively, "Defendants") with violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiff Waterford Township General Employees Retirement System ("Waterford GERS"), hereby moves this Court for an order: (i) appointing it as Lead Plaintiff in the Action; and (ii) approving its selection of the law firm of Robbins Geller Rudman & Dowd LLP

("Robbins Geller") to serve as Lead Counsel and Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP ("Hutchings Barsamian") to serve as Liaison Counsel.

This motion is made on the grounds that Waterford GERS are the most adequate plaintiffs, as defined by the PSLRA, to represent the Class. Waterford GERS suffered a loss of approximately $49,545 in connection with its purchases of athenahealth securities during the Class Period. *See* Hess-Mahan Decl. Ex. B.[1] Moreover, Waterford GERS, for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class members and that it will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

Based in Watertown, Massachusetts, athenahealth provides internet-based business services for physician practices in the United States and offers a revenue cycle management service that automates and manages billing-related functions.

On February 25, 2010, after the market closed, athenahealth announced that its previously reported financial statements could no longer be relied upon, and that the Company would likely need to restate prior financial statements based on its methodology for calculating implementation revenue. Upon the disclosure of this news, athenahealth stock plummeted almost 13%, falling from a closing price of $43.52 per share on February 25, 2010, to a closing price of $37.96 per share on February 26, 2010. In addition, Company insiders profited more than $7.8 million during the Class Period from trading in athenahealth stock during the Class Period, while they knowingly overstated

---

[1] References to the "Hess-Mahan Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of the Motion of Waterford Township General Employees Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated May 18, 2010 and submitted herewith.

revenues and earnings in violation of Generally Accepted Accounting Principles ("GAAP"). Furthermore, the Complaint states that the Company's internal auditors were also aware of the revenue amortization practices, which were in clear violation of GAAP, during the Class Period.

Subsequently, on March 15, 2010, the Company issued a press release after the market closed, announcing that it needed to amortize its service implementation revenue over a period of 12 years, which reflects the amount of time it expects to do business with a new customer, rather than its previous method of amortizing implementation revenue over one year. As a result, the Company restated its financial results for fiscal years 2005 through 2008, as well as 2008 interim quarters and the first three quarters of 2009.

## III.     ARGUMENT

### A.     Waterford GERS Should Be Appointed Lead Plaintiff

#### 1.     The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *GlobeNewswire*, a national, business-oriented newswire service, on March 19, 2010. *See* Hess-Mahan Decl. Ex. A.[2]  Within 60 days after publication of the notice, any person or group

---

[2]     The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (emphasis and citations omitted).

of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see State Universities Retirement System of Illinois v. Sonus Networks, Inc.*, 2006 WL 3827441, *1 (D. Mass. Dec. 27, 2006); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001).

Moreover, Waterford GERS is an institutional investor and precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); *see also In re Lernout*, 138 F. Supp. 2d at 43 (the PSLRA

responds to congressional desire "to increase the likelihood that institutional investors will serve as lead plaintiffs. . . . .").

### 2. Waterford GERS Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Waterford GERS Timely Moves for Appointment as Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on May 18, 2010. 15 U.S.C. §78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite time frame, Waterford GERS timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The authorized representative of Waterford GERS has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Hess-Mahan Decl. Ex. C. In addition, Waterford GERS has selected and retained competent counsel to represent it and the class. *See* Hess-Mahan Decl. Ex. D, E. Accordingly, Waterford GERS is entitled to have its application for appointment as Lead Plaintiff and selection of counsel considered and approved by the Court.

#### b. Waterford GERS Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, s*ee* Hess-Mahan Decl. Ex. C, Waterford GERS purchased athenahealth securities in reliance upon materially false and misleading statements issued by the Defendants and were injured thereby. In addition, Waterford GERS incurred a substantial $49,545 loss on its transactions in athenahealth securities. Hess-Mahan Decl. Ex. B. Waterford GERS, thus, has a significant financial interest in this case. 15 U.S.C. § 78u-4(a)(3)(B).

### c.     Waterford GERS Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *In re Lernout*, 138 F. Supp. 2d at 46 ("Only the last two prongs, typicality and adequacy, need to be satisfied for purposes of this inquiry."); *Sonus Networks*, 2006 WL 3827441 at *2 ("MPERS has made the prima facie showing of adequacy and typicality required by Rule 23"). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Greebel*, 939 F. Supp. at 60 (lead plaintiff motions and class certification motions involve distinct inquiries; Congress implicitly understood that lead plaintiff motions "would be decided prior to consideration of certification issues.") Waterford GERS satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class

members. *In re Lernout*, 138 F. Supp. 2d at 46. Moreover, "[f]or the plaintiff to meet this burden, it need not show identical claims." *Id*.

Waterford GERS satisfies this requirement because, just like all other class members, it: (1) purchased athenahealth securities during the Class Period; (2) purchased athenahealth securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, its claims are typical of those of other class members since every claim arises out of the same course of events and are based on the same legal theories. *Sonus Networks*, 2006 WL 3827441 at *2 ("There is no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable.").

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a)(4). "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout*, 138 F. Supp. 2d at 46.

Here, Waterford GERS is an adequate representative of the class because its interests in the Action are clearly aligned with the members of the class, and there is no evidence of any antagonism between Waterford GERS and the other members of the class. Further, Waterford GERS has taken significant steps that demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Waterford GERS *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Waterford GERS' Choice of Lead and Liaison Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In this regard, Waterford GERS has selected Robbins Geller to serve as Lead Counsel. This law firm has substantial experience in the prosecution of shareholder and securities class actions. *See* Hess-Mahan Decl., Ex. D. Additionally, Waterford GERS has selected Hutchings Barsamian, a well regarded law firm with an office located in this District and experience serving as lead and liaison counsel in securities class actions, to serve as Liaison Counsel. *See* Hess-Mahan Decl. Ex. E.

Thus, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available. Accordingly, the Court should approve the Lead and Liaison Counsel selected by Waterford GERS.

### IV. CONCLUSION

For all the foregoing reasons, Waterford GERS respectfully request that the Court: (i) appoint it as Lead Plaintiff in the Actions; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: May 18, 2010

HUTCHINGS, BARSAMIAN, MANDELCORN
  & ZEYTOONIAN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


/s/ Theodore M. Hess-Mahan
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

[Proposed] Liaison Counsel

8

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        DOUGLAS WILENS
        SABRINA E. TIRABASSI
        120 E. Palmetto Park Road, Suite 500
        Boca Raton, FL 33432-4809
        Telephone: 561/750-3000
        561/750-3364 (fax)
        dwilens@rgrdlaw.com
        stirabassi@rgrdlaw.com

        [Proposed] Lead Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

 I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 18, 2010.

           /s/ Theodore M. Hess-Mahan
          THEODORE M. HESS-MAHAN